# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| SYL JOHNSON a/k/a SYLVESTER THOMPSON, d/b/a SYL-ZEL MUSIC COMPANY, ) ) ) ) Plaintiff, ) ) v. ) ) PETER H. WRIGHT, THE WRIGHT ) GROUP, INC., SUNLIGHT RECORDS, ) INC., and HILLEL FRANKEL, ) ) Defendants. ) | No. 05 C 3943 |

## MEMORANDUM OPINION

This is an action for copyright infringement brought by Syl Johnson, a blues musician who has composed and recorded a number of songs. He alleges that defendants, Peter H. Wright, The Wright Group, Inc., Sunlight Records, and Hillel Frankel,[1] have infringed his federal copyright in a musical composition entitled "Is It Because I'm Black" (the "Song") as well as his common-law copyrights in several sound recordings. The amended complaint also contains claims for unfair competition and fraud and seeks an accounting.

---

[1] Wright is alleged to be president of The Wright Group, Inc. and Sunlight Records. Hillel Frankel is alleged to have "collaborated with defendants in the tortious conduct." (Am. Compl. ¶¶ 3-5.)

Defendants have filed a motion to dismiss the amended complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). They argue that plaintiff's original co-owners of the copyright in the Song transferred their ownership interests to Wright and that "[p]laintiff's claim regarding his rights in the musical composition 'Is It Because I'm Black' is really a state accounting claim dressed up as an infringement claim and therefore also does not invoke federal jurisdiction." (Mot. at 2.)

Defendants concede that plaintiff does assert a claim for violation of federal copyright law--the alleged infringement in the composition of the Song. This allegation is sufficient to invoke federal jurisdiction, and defendants' contention that this claim should be dismissed for lack of jurisdiction misses the mark. Defendants' argument that Wright is a co-owner of the copyright by virtue of an assignment from Johnson's original co-owners is not jurisdictional; it is an affirmative defense. See, e.g., Jerry Vogel Music Co. v. Forster Music Publisher, 147 F.2d 614, 615 (2d Cir. 1945) (defendant had burden of proving the affirmative defense of joint ownership); 4 Melville B. Nimmer & David Nimmer, Nimmer on Copyright § 13.04 (2006). Thus, defendants' motion is essentially a summary judgment motion on the federal claim. Because of the way in which defendants framed their motion, plaintiff was not given a full and fair opportunity to properly present all of his evidence

on the issue of co-ownership. In any event, from merely the exhibits that were attached to the briefs on the instant motion, it appears that there is a genuine issue of material fact regarding Wright's co-ownership of the composition.[2]

The court's view is that the case should proceed to trial. Trial is currently scheduled for April 16, 2007, but, as discussed at the last status conference, this date will be vacated and reset at the next status conference on April 11, 2007.

Defendants shall file an answer to the amended complaint by April 20, 2007.

Defendants' motion to dismiss for lack of subject matter jurisdiction [45] is denied.

DATE:   April 5, 2007

ENTER:   _____
         John F. Grady, United States District Judge

---

[2] If defendants' motion were to be treated as one for summary judgment on the issue of co-ownership, at least the following factual issues appear from the materials that have been filed thus far: whether Wright is a successor to the entities to which the Song's co-owners assigned their copyrights and whether the assignment was later cancelled. More work would have to be done to determine whether these apparent factual disputes are material and genuine.